Electronically Filed - Jackson - Kansas City - April 14, 2020 - 11:51 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | | |
|---|---|---|
| **ALBERT N. COLLINS JR.** | ) | |
| 1604 NE 75th Terrace | ) | |
| Gladstone, Missouri 64118 | ) | Case No. _____ |
| Plaintiff, | ) | |
| | ) | Division No. _____ |
| v. | ) | |
| | ) | |
| **KANSAS CITY MISSOURI PUBLIC** | ) | |
| **SCHOOL DISTRICT** | ) | |
| Serve: Dr. Mark Bedell, Superintendent | ) | |
| 2901 Troost Avenue | ) | |
| Kansas City, Missouri, 64109 | ) | |
| Defendant. | ) | |

**PLAINTIFF'S PETITION FOR DAMAGES**

COMES NOW, Plaintiff, ALBERT N. COLLINS JR. ("Plaintiff or Mr. Collins") by and through counsel, and for his Petition for Damages against Defendant, KANSAS CITY MISSOURI PUBLIC SCHOOL DISTRICT ("KCPS"). Plaintiff states and alleges as follows:

1.      Plaintiff brings this action against Defendant for discriminatory, retaliatory, and other unlawful conduct in employment pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §1983 (Civil Rights Act of 1866), as amended ("§1983") 42 U.S.C. 2000e *et seq.* ("Title VII"); and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621 *et seq*. ("ADEA") as result of Defendant's: a) unlawful termination and denial of Mr. Collins employment opportunities based on his race and age; b) and in retaliation for asserting his rights and reporting discriminatory conduct, and c) engaging in other related unlawful acts, conduct, and practices.

2.      The acts, conduct, and practices which form the basis for this action have resulted in Defendant discriminating against Mr. Collins on this basis of his race and age with respect to the terms, conditions, and privileges of his employment, and, the procedure or manner

in which Defendant evaluated Mr. Collins qualifications for continued employment opportunities and has resulted in prohibited race and age discrimination and retaliation.

3.     The related acts, conduct, and practices of Defendants are a violation of the ADEA, Title VII, and § 1983.

4.     The unlawful conduct of Defendant which deprived Mr. Collins of his employment and directly resulted in the significant loss of financial compensation and other benefits which he would. have earned and been entitled to.

5.     Defendant's decision to suspend and terminate Mr. Collins which deprived him of employment was pretext for unlawful race and age discrimination; and retaliation.

6.     In violation of the ADEA, Title VII & § 1983, Defendant has repeatedly and continuously retaliated against Mr. Collins for engaging in protected activity, including, but not limited to, his reporting racially discriminatory treatment when asked as it pertains to another African American employee who alleged that he was being discriminated against by mangers and peers; and by engaging in other conduct protected by law such as but not limited to reporting unlawful conduct of Defendant.

**Parties Jurisdiction and Venue**

7.     Plaintiff, Mr. Albert N. Collins Jr., is an individual whose permanent residence is located at 1604 NE 75th Terrace, Gladstone, Clay County, Missouri and is a citizen of the United States of America. Mr. Collins was a devoted, loyal and productive employee of KCPS for over 12 years at various locations within the district within the meaning of the ADEA, Title VII & § 1983, as well as defined by R.S.Mo. § 105.500, & 287.020.

8.     Defendant, Kansas City, Missouri Public School District ("KCPS"), is an employer as defined by the ADEA, Title VII & § 1983, as well as defined by R.S.Mo. § 105.500, & 287.030.

KCPS is headquartered at 2901 Troost Avenue, Kansas City, Missouri, 64109 and may be served at that address as set forth above in the caption.

9.      Plaintiff was at all times relevant in this petition an employee of Defendant at their headquarters or some other location within Jackson County, Kansas City, Missouri.

10.     Jurisdiction is proper in the State of Missouri, as the Defendant to this action are citizens of this state under the law of employment, and the facts and circumstances providing the basis for the Plaintiff's claim all occurred in Missouri.

11.     Venue is proper in this County, pursuant to R.S.Mo. 508.010.5, because the Defendant's principle place of business is located in Jackson County, Kansas City, Missouri.

12.     At all times relevant to this action, Defendant has been an entity and employer subject to the laws, rules and regulations at issue herein.

13.     Mr. Collins filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on or about January 10, 2020 regarding claims of race and age discrimination as well as retaliation and other unlawful acts, conduct, and practices set forth within those charges and arising out of and related to that therein are included with this Petition.

14.     The EEOC placed a Notice of Right to Sue from the EEOC with respect to said charge in outgoing mail on or about January 15, 2020; this action is brought within 90 days of the receipt of said Notice of Right to Sue by Plaintiff. (A copy of the EEOC Charge and right to sue letter is attached as Exhibit A and the allegations set forth in said charge are incorporated herein this Petition).

15.     Plaintiff has exhausted all his administrative remedies with the EEOC.

16.     Plaintiff has fully complied with any and all prerequisites to jurisdiction in this

Court under Title VII, the ADEA, and related law.

## FACTUAL ALLEGATIONS

17.     Mr. Collins began his employment with KCPS in approximately November 2007 as a high school basketball coach and long-term substitute teacher.

18.     In approximately September 2014, Mr. Collins was placed in the position of attendance ambassador where he worked under the office of student intervention ("OSI") regarding families with students who had attendance issues.

19.     Upon information and belief, Mr. Collins reasonably believes that one of the Office of Student Intervention's essential functions was working to ensure that 90% of District's students were in school 90% of the time ("90/90 Standard").

20.     Upon information and belief, Mr. Collins reasonably believes that the District wanted to meet the 90/90 Standard because it had a direct, significant impact on the "points" needed for the District's Accreditation by Missouri's Department of Elementary and Secondary Education ("DESE").

21.     Upon information and belief, Mr. Collins reasonably believes that effective at the end of the 2010-2011 school year, the District had lost DESE full accreditation and in fact was unaccredited.

22.     Mr. Collins direct supervisor in the OSI was an individual by the name of Samuel Johnson ("Johnson").

23.     Upon information and belief, Mr. Collins reasonably believes that Johnson reported to Luis Cordoba ("Cordoba"), who was the Executive Director of OSI.

24.     Upon information and belief, Mr. Collins reasonably believes that Cordoba reported to Mike Reynolds ("Reynolds") who was KCPS Director of Accountability.

25.    Upon information and belief, Mr. Collins reasonably believes that Reynolds reported to Vicky Murillo ("Murillo") who was KCPS Chief Academic and Accountability Officer;

26.    Upon information and belief, Mr. Collins reasonably believes that Murillo reported to the acting assistant superintendent and superintendent.

27.    Part of Mr. Collins job duties was to assist in implementing KCPS's attendance policy and Truancy Court which allowed KCPS to issue citations to the parents of children who were not meeting the attendance guidelines.

28.    Mr. Collins also continued to serve as basketball coach and during the 2014-2015 basketball season, he was injured during practice where he developed a hernia that required surgical repair.

29.    Upon information and belief, Mr. Collins reasonably believes that his superiors were pressuring him and others to clean up attendance.

30.    In approximately April, 2015 Mr. Collins was first directed by his superiors to change attendance numbers for students who were in the 88th-89th percentile (%) in attendance.

31.    Upon information and belief, Mr. Collins reasonably believes that in approximately May 2015, four attendance monitors were hired to "clean up" attendance for schools such as Central, Northeast, and Southwest.

32.    Mr. Collins reported his injures to his superiors.

33.    On or about June 15, 2015, Mr. Collins had his hernia surgically repaired.

34.    Upon information and belief, Mr. Collins reasonably believes that several of the attendance monitors were released from the district but a few were retained in other positions.

35.     In approximately June 2016, Mr. Collins was repeatedly directed by his superiors to clean up attendance by changing various attendance codes to improve the attendance records for KCPS.

36.     In approximately August 2016, Mr. Collins was paid overtime wages for working after hours to clean up attendance records of KCPS students.

37.     Upon information and belief, Mr. Collins reasonably believes that in approximately August 2016, the OSI department was dismantled and his supervisor, Johnson was given a new job title of Attendance/Dropout Specialist which was considered a demotion.

38.     In approximately fall 2016, Mr. Collins' job title changed to Specialist and Dropout Prevention but he continued to report to Southeast.

39.     In approximately fall 2016, KCPS hired a new superintendent after the previous superintendent resigned to take a position out of state.

40.     In approximately October 2016, Mr. Collins develops the nickname "attendance Guru" from various administrators apparently because of his work in attendance clean up.

41.     Although Mr. Collins no longer reported to Johnson, they continued to communicate and regularly discussed the attendance clean up duties they were forced to undertake.

42.     Mr. Collins offered Johnson full support in reporting any fraudulent and illegal conduct of KCPS officials and administrators.

43.     In the 2016-2017 school year, Johnson disclosed to Mr. Collins that he had reported the attendance clean up to KCPS leadership and no action was taken.

44.     In approximately April 2017, Johnson allegedly resigned from his position with KCPS after he was demoted and passed over for a position among other unfavorable treatment and unwarranted treatment.

45.     Long after Johnson resigned, he continued to contact Mr. Collins to discuss the attendance fraud that had taken place while Johnson was in charge of the OSI department of KCPS and the fact that no known action was taken despite reports.

46.     Mr. Collins continued to offer Johnson support and agreed to back Johnson and be named as a witness of any reports Johnson made to outside agencies regarding allegations of discrimination, retaliation and attendance fraud.

47.     Upon information and belief, Mr. Collins reasonably believes that in approximately early 2018, Johnson allegedly reported the attendance fraud and other discriminatory and retaliatory behavior to outside agencies who began to investigate the allegations.

48.     Johnson provided Mr. Collins' name in his reports to the outside agencies, and those agencies notified KCPS of the allegations.

49.     In approximately summer 2018, Mr. Collins applied for a position with KCPS in which he was qualified and was never interviewed or given any feedback as to why he was not considered for the position.

50.      A few month later in approximately February 2019, Mr. Collins was subjected to an investigation and placed on administrative leave for allegedly providing Johnson with KCPS emails to support his allegations.

51.     Upon information and belief, Mr. Collins reasonably believes that at least one other KCPS employee, who is Caucasian was also placed on leave for assisting Johnson but was allowed to return to work.

52.     Mr. Collins was not permitted to attend KCPS events despite being a coach and fixture in the basketball community.

53.     In approximately April 2019, Mr. Collins was cleared of allegedly sending emails after KCPS employees searched his work and personal emails; but Mr. Collins was now subjected to his second investigation in a matter of months related to the attendance fraud and his leave of absence was extended.

54.     In July, 2019 Mr. Collins met with attorneys retained by KCPS to discuss Johnson's allegations and during the meeting, Mr. Collins verified Johnson's allegations of attendance fraud by KCPS administrators and also provided information regarding Johnson's allegations of discrimination and retaliation.

55.     Mr. Collins disclosed to the attorneys that the attendance fraud was a district wide issue.

56.     In approximately August 2019, Mr. Collins met with the attorneys a second time and provided names of other employees who could verify the extensive, widespread attendance practices of the KCPS.

57.     In approximately September 2019, the attorney for Johnson and another KCPS employee, Rick Bishop ("Bishop") attempted to contact Mr. Collins regarding allegations of attendance fraud.

58.     In approximately fall 2019, one of the employees who volunteered to come forward on behalf of Mr. Collins and verified his allegations of attendance fraud and other discriminatory and retaliatory behavior of the KCPS was also suspended and placed on administrative leave pending the outcome of the investigation

59.     In approximately November 2019, KCPS leadership publicly reports that the allegations of attendance fraud were limited to acts of a handful of employees during the previous administration and that many were no longer employed with KCPS.

60.     On or about November 27, 2019, KCPS human resources personnel called Mr. Collins into a meeting and terminated his employment for the alleged attendance fraud but placed their decision on hold when Mr. Collins again informed them that this was a widespread issue and practice amongst KCPS employees at the direction from administrations.

61.     During the meeting, Mr. Collins was asked if he had told this information to the KCPS attorneys investigating the allegations and Mr. Collins confirmed that he had notified them so the decision to terminate Mr. Collins was placed on hold.

62.     On or about December 9, 2019, Mr. Collins was called into another meeting with KCPS human resources personnel where his employment was officially terminated.

63.     Mr. Collins is his family's main source of income and being denied compensation and employment from Defendant, KCPS has created a substantial hardship on him and his family.

64.     Mr. Collins has suffered lost wages and benefits from Defendant, KCPS for past earnings that he would have been entitled to and received, but for, his discriminatory, retaliatory and unlawful treatment.

65.     In addition to the severe economic loss suffered by Mr. Collins and his family, he has also suffered significant anxiety, depression, stress, anger and humiliation as the result of the treatment he has received from Defendant.

## COUNT I-
### Prohibited Discrimination (in Violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. 2000e *et seq.*) and 42 U.S.C. §1983

COMES NOW, the Plaintiff, and for Count I, of his cause of action for discrimination states:

66.   Plaintiff hereby restates and incorporates by reference, every other paragraph set forth in this Petition such as the factual allegations aforementioned as if fully set forth herein.

67. KCPS subjected Mr. Collins to harassment and discrimination because of Mr. Collins' race.

68. Plaintiff's race was a motivating factor of the discrimination and harassment he received from Defendant.

69. Plaintiff is an African American citizen of the United States.

70. During the course and scope of Plaintiff's employment, KCPS representatives, agents and employees, acting within the course and scope of their employment, engaged in a pattern of practice of intentional discrimination against Plaintiff based on his race.

71. Despite having no legitimate disciplinary concerns or other performance deficiencies, Defendant denied and continues to deny Plaintiff of employment opportunities.

72. Plaintiff was hired into and maintained a position in which he was qualified for.

73. Defendant through its representatives, agents and employees engaged in these discriminatory practices with malice or reckless indifference to Plaintiff's federally protected rights.

74. Plaintiff was not treated equally with regard to Defendant's application of its workplace policies.

75. Defendant's application of its workplace policies in regard to Plaintiff were intentional acts of discrimination based on Plaintiff's race.

76. A Caucasian employee by the name of Bishop who was investigated and accused of the same behavior Mr. Collins was terminated was allowed to return to work and given a different position but remains employed with KCPS.

77. Plaintiff raised a complaint of discrimination with Defendant.

78. Defendant then finalized/ratified the termination of Plaintiff's employment.

79.     Management level employees acting within the course and scope of their employment engaged in intentional discrimination against Plaintiff based on his race.  Those acts include but are not limited to:

- failing to promote Plaintiff to a position he applied to and was qualified for and filling it with non-African American employees who were not more qualified than Plaintiff;

- Arbitrarily reprimanding, suspending, and terminating Plaintiff for engaging in pattern and practice of job performance and behaviors common with all employees;

- Holding Plaintiff to a higher standard than other similarly situated non-African American employees and arbitrarily nitpicking his work and micromanaging him.

80.     The actions and conduct set forth herein were outrageous and showed evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and others, and therefore Plaintiff is entitled to punitive damages from KCPS to punish KCPS and to deter it and others from like conduct.

81.     As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff has suffered and will continue to suffer damages including lost wages and emotional distress.

WHEREFORE, Plaintiff prays for the Court to find that KCPS has violated 42 U.S.C. 2000 *et seq*. ("Title VII"); 42 U.S.C. §1983 as amended ("§1983") 42 U.S.C. 2000e *et seq*.) and therefore, Plaintiff is entitled to recovery for pecuniary and nonpecuniary damages, including lost wages and benefits, for an award of compensatory and punitive damages; equitable relief; for his costs expended; for his reasonable attorneys' fees and expert's fees, out of pocket expenses, interest, mental and emotional distress; and that this Court makes such other orders as it may deem just and proper in the circumstances.

**COUNT II-**

**Prohibited Discrimination (in Violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), as Amended, 29 U.S.C. 621 et seq.)**

COMES NOW, the Plaintiff, and for Count II. of his cause of action for discrimination pursuant to 29 U.S.C. §§ 621 *et seq*. ("ADEA") states:

82.     Plaintiff hereby restates and incorporates by reference, repeats and re-alleges each and every allegation and paragraph contained in this Petition as if fully set forth herein this Paragraph towards this count.

83.     Defendant subjected Mr. Collins to harassment and discriminatory conduct including arbitrary discipline, his job performance being nitpicked, and lost promotional opportunities to advance his employment because of Mr. Collins' age, being over 40 years old, which makes him a member of a protected class.

84.     The treatment complained of includes but is not limited:

•     failing to promote Plaintiff to a position he applied to and was qualified for and filling it with non-African American employees who were not more qualified than Plaintiff;

•     Arbitrarily reprimanding, suspending, and terminating Plaintiff for engaging in pattern and practice of job performance and behaviors common with all employees;

•     Holding Plaintiff to a higher standard than other similarly situated non-African American employees and arbitrarily nitpicking his work and micromanaging him.

85.     Mr. Collins was meeting or exceeding the expectations of his position and he has always maintained an excellent employment record with Defendant since the start of his employment in 2007.

86.     Other, similarly situated, significantly younger employees of Defendant were not subjected to the harassment and discriminatory treatment alleged that was endured by Mr. Collins

Electronically Filed - Jackson - Kansas City - April 14, 2020 - 11:51 PM

during his employment with Defendant despite their job performance or experience falling short of the level of Mr. Collins.

87.     Mr. Collins was subjected to harassment and discriminatory conduct because he is a 41-year-old, African American.

WHEREFORE, Plaintiff prays for the Court to find that Defendant has violated 29 U.S.C. 621 *et seq*. and therefore, Plaintiff is entitled to recovery for pecuniary and nonpecuniary damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress, punitive damages, and reasonable attorney's fees; and that this Court makes such other orders as it may deem just and proper in the circumstances.

<u>**COUNT III-**</u>
**Prohibited Retaliation in Violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), as Amended, 29 U.S.C. 621 et seq.), Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. §1983 (Civil Rights Act of 1866), as amended ("§1983") 42 U.S.C. 2000e *et seq.* ("Title VII")**

COMES NOW, the Plaintiff, and for Count III of his cause of action for Retaliation pursuant to 29 U.S.C. 621 *et seq*., Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §1983 (Civil Rights Act of 1866), as amended ("§1983") 42 U.S.C. 2000e *et seq.* ("Title VII") states:

88.     Plaintiff hereby restates and incorporates by reference, repeats and re-alleges each and every allegation contained herein this petition as if fully set forth herein this Paragraph or this count.

89.     Mr. Collins engaged in protected activity under the ADEA, §1983, & Title VII.

90.     Mr. Collins has suffered an adverse employment action as a consequence of his engaging in protected activity under the ADEA, §1983, & Title VII.

Electronically Filed - Jackson - Kansas City - April 14, 2020 - 11:51 PM

91.     There is a direct causal connection between Mr. Collins' protected activity and the adverse employment action.

WHEREFORE, Plaintiff prays for the Court to find that Defendant has violated 29 U.S.C. 621 *et seq*., Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §1983 (Civil Rights Act of 1866), as amended ("§1983") 42 U.S.C. 2000e *et seq.* and therefore, Plaintiff is entitled to recovery for pecuniary and nonpecuniary damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress, and reasonable attorney's fees; and that this Court makes such other orders as it may deem just and proper in the circumstances.

<u>COUNT IV-</u>
**Retaliation for Worker's Compensation**
**(in violation of RSMo. 287.780)**

COMES NOW, Plaintiff, and for Count IV of the petition, retaliation pursuant to RSMo. 287.780 states:

92.     Plaintiff hereby restates and incorporates by reference, repeats and re-alleges each and every allegation contained herein this petition as if fully set forth herein this Paragraph and count.

93.     Mr. Collins was suspended in whole or in part because he reported an injury he sustained on the job after his disclosure of his diagnosis to management at KCPS.

94.     Upon Mr. Collins reporting his diagnosis to management, he was treated adversely by management who denied his verbal worker's compensation claim and ultimately terminated his employment.

WHEREFORE, Plaintiff prays for the Court to find that Defendant has violated RSMo. 287.780 and therefore, Plaintiff is entitled to recovery for pecuniary and non-pecuniary damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress,

and reasonable attorney's fees; and that this Court makes such other orders as it may deem just and proper in the circumstances.

## COUNT V-
### Violation of RSMo. 105.055

COMES NOW, Plaintiff, and for Count V of the petition, retaliation pursuant to RSMo. 105.055 states:

95.    Plaintiff hereby restates and incorporates by reference, repeats and re-alleges each and every allegation contained herein this petition as if fully set forth herein this Paragraph and count.

96.    Plaintiff reported attendance fraud and provided detailed information to KCPS administrators, humans resources personnel, KCPS counsel, and outside agencies investigating the allegations.

97.    Plaintiff's conduct has contributed in whole or in part to Defendant KCPS having to return public funding obtained through fraudulent means and having to amend previous reports related to attendance.

98.    As a result of Plaintiff reporting the conduct alleged herein, Plaintiff was subjected to retaliatory conduct including but not limited to termination.

99.    Plaintiff's protected activity in reporting Defendant was a contributing or motivating factor in his retaliation and harassment.

100.    Plaintiff has suffered economic loss, emotional distress and other damages as a result of Defendant's actions.

101.    Defendant acted in reckless disregard of Plaintiff's rights and/or with evil motive, justifying an award of punitive damages.

Electronically Filed - Jackson - Kansas City - April 14, 2020 - 11:51 PM

WHEREFORE, Plaintiff prays for judgment against Defendant on Count V of his Petition, for a finding that he has been retaliated against in violation of R.S.MO § 105.055 (whistleblowing); for an award of back pay, including lost wages; and other benefits including interest; for an award of compensatory and punitive damages; for his costs expended; reinstatement to his position with Defendant including time and title, reasonable attorneys' and expert fees and expenses, and for such other and further relief the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment as follows:

i)       Defendant is ordered to make Plaintiff whole by providing appropriate back and front pay and benefits, with prejudgment interest, in amounts to be proved at trial

ii)      Plaintiff is awarded extraordinary and/or equitable relief as permitted by law, equity and any and all applicable statutory provisions related hereto;

iii)     Plaintiff is awarded all compensatory, restitutionary, and/or remedial relief;

iv)      Plaintiff is awarded pre-judgment interest and post-judgment interest, as well as his reasonable attorneys' fees, expert witness fees and other costs; and,

v)       Plaintiff is awarded such other legal and equitable relief as the Court deems appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully requests a trial by jury on all of the allegations contained in this Petition that are triable before a jury.

RESPECTFULLY SUBMITTED,

/s/ *Gerald Gray II*

Gerald Gray II, #67476

**G. GRAY LAW, LLC**

104 W. 9TH STREET, SUITE 401

Kansas City, MO 64105
(O) 816-888-3145
(F) 816-817-4683
ggraylaw@outlook.com

ATTORNEY FOR PLAINTIFF

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA <br> ☒ EEOC | **AMENDED** <br> **563-2020-00606** |

| **Missouri Commission On Human Rights** | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Mr. Albert N. Collins, Jr.** | **(913) 980-5611** | **1978** |

| Street Address | City, State and ZIP Code |
|---|---|
| **1604 N.E. 75th Terrace, Gladstone, MO 64118** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **KCMO SCHOOL DISTRICT** | **500 or More** | **(816) 418-7413** |

| Street Address | City, State and ZIP Code |
|---|---|
| **2901 Troost Avenue, Kansas City, MO 64109** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN <br> ☒ RETALIATION ☒ AGE ☐ DISABILITY ☐ GENETIC INFORMATION <br> ☐ OTHER (Specify) | Earliest: **12-09-2019** Latest: **12-09-2019** <br> ☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired on or about September 29, 2014 as an Attendance Ambassador with the Kansas City of Missouri School District. In 2017, my position title changed to Attendance Specialist under direct supervision of the school Principal.

In or about February 2019, I was put on administrative leave with pay due to allegations regarding confidential work emails I allegedly sent to my past supervisor and ex-employee. My past supervisor had named me as a witness for his discrimination allegations with the EEOC and in his lawsuit filed against the Kansas City Missouri School District. During my leave, there was another ongoing investigation I was part of regarding my participation in unethical attendance record changes done for the 2014-2015 school year. I was cleared from the email allegation in or about April 2019 but remained on administrative leave with pay because of the second investigation.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. <br><br> I declare under penalty of perjury that the above is true and correct. | NOTARY – When necessary for State and Local Agency Requirements <br><br> I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. <br> SIGNATURE OF COMPLAINANT |
|---|---|
| 1/10/2020 _____ <br> Date / Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | **AMENDED**  **563-2020-00606** |

| **Missouri Commission On Human Rights** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Mr. Albert N. Collins, Jr.** | **(913) 980-5611** | **1978** |

| Street Address | City, State and ZIP Code |
|---|---|
| **1604 N.E. 75th Terrace, Gladstone, MO 64118** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **KCMO SCHOOL DISTRICT** | **500 or More** | **(816) 418-7413** |

| Street Address | City, State and ZIP Code |
|---|---|
| **2901 Troost Avenue, Kansas City, MO 64109** | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| **12-09-2019** | **12-09-2019** |

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**I was hired on or about September 29, 2014 as an Attendance Ambassador with the Kansas City of Missouri School District. In 2017, my position title changed to Attendance Specialist under direct supervision of the school Principal.**

**In or about February 2019, I was put on administrative leave with pay due to allegations regarding confidential work emails I allegedly sent to my past supervisor and ex-employee. My past supervisor had named me as a witness for his discrimination allegations with the EEOC and in his lawsuit filed against the Kansas City Missouri School District. During my leave, there was another ongoing investigation I was part of regarding my participation in unethical attendance record changes done for the 2014-2015 school year. I was cleared from the email allegation in or about April 2019 but remained on administrative leave with pay because of the second investigation.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.  SIGNATURE OF COMPLAINANT |
| 1/10/2020 _____ *(signature)*  Date    Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | **AMENDED**  **563-2020-00606** |

| Missouri Commission On Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

In or about December 2019, I was brought back from administrative leave and on or about December 9, 2019, I was advised that I was being discharged due to participation in unethical attendance record changes done for the 2014-2015 school year.

There were others similarly situated as me but not of my protected group that were put on administrative leave with pay because of the investigation but not discharged.

I believe that I was discharged because of my race (African-American), age (41) and retaliated against because of my participation in an investigation in violation of the Age Discrimination in Employment Act (ADEA) of 1967, as amended and Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 1/10/2020  _____  *Date*  *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: **Albert N. Collins, Jr.**
**1604 N.E. 75th Terrace**
**Gladstone, MO 64118**

From: **Kansas City Area Office**
**Gateway Tower II**
**400 State Avenue, Suite 905**
**Kansas City, KS 66101**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **563-2020-00606** | **Jose L. Torres, Jr.,** Investigator | **(913) 551-6645** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*for:* **Natascha Deguire,**
**Area Office Director**

JAN 1 5 2020

*(Date Mailed)*

Enclosures(s)

cc: **Human Resources Department**
**KCMO School District**
**2901 Troost Avenue**
**Kansas City, MO 64109**

Electronically Filed - Jackson - Kansas City - April 14, 2020 - 11:51 PM

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS**  --  **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge <u>within 90 days of the date you *receive* this Notice</u>. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed within 90 days of the date this Notice was *mailed* to you (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS**  --  **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than <u>2 years</u> (<u>3 years</u>) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION**  --  **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE**  --  **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

Electronically Filed - Jackson - Kansas City - April 14, 2020 - 11:51 PM