# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| **ALBERT N COLLINS, JR,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-00751-CV-W-GAF |
| | ) |
| **KANSAS CITY MISSOURI PUBLIC SCHOOL DISTRICT,** | ) |
| | ) |
| Defendant. | ) |

## JUDGMENT IN A CIVIL ACTION

☐ **Jury Verdict**. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ **Decision of the Court.** This action came for consideration before the Court. The issues have been considered and a decision has been rendered.

*By Order dated November 10, 2020 (Doc. 11):*

Plaintiff's claim arising under the Missouri workers' compensation statute must be severed from the case and remanded to the Circuit Court for Jackson County, Missouri. The remaining claims are within the Court's original or supplemental jurisdiction and will be retained. For these reasons and the

reasons stated above, Plaintiff's Motion to Remand is GRANTED in part and DENIED in part. Count IV shall be severed from the case and REMANDED to the Circuit Court for Jackson County, Missouri.

*By Amended Order dated April 12, 2023 (Doc. 99):*

For reasons discussed in this Court's April 12, 2023 Amended Order, no questions of fact remain.  It is hereby ORDERED that:

1. Defendant's Motion for Summary Judgment on Counts I, II, III, and V is GRANTED;
2. As Count IV has already been severed and remanded, to Jackson County for disposition, there are no triable issues and the Parties pending Motions in Limine (Docs. 56, 58, 60, 62, 64, 66, 68, 70, 72, 74, 76, 78, 80, 82, 85) are DENIED as moot;
3. Defendants Motion to Strike Plaintiff's Exhibit List and Witness List (Doc. 94) is DENIED as moot.
4. Defendant also filed a Motion to Strike Evidence Introduced in Plaintiff's Opposition to Defendant's Motion for Summary Judgment.  (Docs. 51, 52).  Defendant takes issue with Plaintiff belatedly introducing testimony from past matters not in front of this Court in violation of Federal Rules of Civil Procedure 26(a) and (e). (See generally id.).  Defendant argues these late disclosures were not "substantially justified" or "harmless" because Defendant has been "deprived" of taking deposition of certain fact witnesses and examining portions of trial transcripts offered by Plaintiff.  (Doc. 52, pp. 13-14) (citing Fed. R. Civ. P.  37(c)(1)).  But this argument ignores that: (1) Defendant was a party to the matters on which Plaintiff relies; and (2) those matters involved similar allegations of attendance fraud, direct references to Plaintiff, and testimony from some of the same KCPS leadership discussed herein. (See e.g. Doc. 47-2).  "One of the purposes of discovery is to

2

Case 4:20-cv-00751-GAF    Document 100    Filed 04/12/23    Page 2 of 3

eliminate unfair surprise." Doe v. Young, 664 F.3d 727, 734 (8th Cir. 2011). Under the circumstances of this case, there is no unfair surprise to Defendant. The transcripts at issue are a matter of public record and Defendant has subpoenaed depositions of fact witnesses in the other matters as recently as November 25, 2022. (See e.g. Doc. 53-3). Thus, the omissions complained of are harmless and Defendant's Motion to Strike is DENIED. To the very limited extent Plaintiff's proffered facts are relevant for ruling Defendant's Motion for Summary Judgment and supported by the cited record, or otherwise admitted by Defendant, they have been included in this Court's factual findings.

Dated: <u>April 12, 2023</u>  PAIGE WYMORE-WYNN
                                                      Clerk of Court

Entered: <u>April 12, 2023</u>  /s/ Lisa Mitchell
                                                      (By) Deputy Clerk